UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DENNIS COLLINS,              | No. 2:18-cv-02279-KJM-CKD (PS) |
|---|---|
| Plaintiff,                   |                                 |
| v.                           | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SEVERSON AND WERSON,         |                                 |
| Defendant.                   |                                 |

Presently pending before the court is defendant's motion to dismiss. (ECF No. 12.) Plaintiff filed an opposition, defendant replied, and plaintiff responded. (ECF Nos. 20, 22, 23.) Plaintiff has also filed an ex parte application for an order to remove a case from state court to federal court. (ECF No. 17.) These matters came on for hearing before the undersigned on November 21, 2018 at 10:00 a.m.[1] At the hearing, plaintiff Dennis Collins appeared on his own behalf, and Megan F. Clark appeared telephonically on behalf of defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action on August 13, 2018, and paid the

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

filling fee. (ECF No. 1.) In the complaint, plaintiff brings three claims against defendant: (1) fraud; (2) quiet title; and (3) and a request that this court prevent defendant from filing an action for expungement in state court. (See generally, ECF No. 1.) Plaintiff asserts that his claims are brought pursuant to 28 U.S.C. §§ 1331 and 1332, as well as Article III of the United States Constitution. (Id. at 2–3.)

According to the complaint, plaintiff brings this action based upon fraud and "illegal tactics being used by the law firm and lawyers whom are working in concert together, for/with the defendant SEVERSON and WERSON, against the plaintiff, by threatening to file suit to expunge plaintiff['s] claims, and then bill the costs of 'lawyers fees' to plaintiff, even though the Supreme Court of California has a pending case which the law firm has failed to timely respond and failed to answer at all." (Id. at 5.) The complaint further asserts that defendant erroneously claims title to a property located at 7450 Cardwell Ave., Orangevale, California 95662 that plaintiff allegedly rightfully owns. (Id. at 3, 12.)

On October 12, 2018, defendant moved to dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6); or in the alternative for a more definite statement pursuant to Rule 12(e). (ECF No. 12.)

Subsequently, plaintiff filed an ex parte application for an order to remove a state case to federal district court. (ECF No. 17). According to the application, plaintiff seeks the removal of a state action, in which he is also the plaintiff. (See ECF No. 17 at 1-5; see also Collins v. Nationstar Mortg., LLC, No. C078530, 2018 WL 2437527 (Cal. Ct. App. May 31, 2018), reh'g denied (June 20, 2018), review denied (Aug. 15, 2018).)

II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Such a motion may be on factual information provided beyond the pleadings. "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d

199, 201 (9th Cir. 1989).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

III. DISCUSSION

    A. Subject Matter Jurisdiction

A federal district court generally has original subject matter jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). While plaintiff purports to bring claims under both federal question and diversity jurisdiction (ECF No. 1 at 3), he has failed to establish that this court has jurisdiction over his complaint.

First, as the Ninth Circuit has observed, "[a] case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (internal citations and quotation marks omitted.)

Here, the complaint's specifically enumerated claims are state law causes of action: common law fraud, quiet title, and a request regarding what defendant may file in state court. (ECF No. 1 at 5, 12, 14.) While the complaint makes a few references to the United States Constitution and federal statutes—Article I and III of the United States Constitution, 28 U.S.C. § 2409a, 28 U.S.C. § 2410(b), and 15 U.S.C. §§1, 2 (see ECF No. 1 at 2-3, 6, 15, 17)—simply referencing the Constitution and federal law is not enough to establish that plaintiff's right to relief depends on the resolution of a substantial question of federal law. Indeed, the gravamen of the complaint is that defendant allegedly committed fraud and misused state courts, and thereby

3

interfered with plaintiff's alleged rightful ownership of a piece of land in California.  (See generally, ECF No. 1.)  The complaint does not establish that plaintiff's claims implicate any federal issues, let alone "significant federal issues" so as to invoke this court's subject matter jurisdiction.  See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 212 (2005).

Second, diversity of citizenship jurisdiction, "permitting federal district court jurisdiction over suits for more than [$75,000] 'between . . . citizens of different States,' . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing 28 U.S.C. § 1332(a)).

According to the complaint, both plaintiff and defendant are California citizens, and therefore, they are not diverse from one another.  (See ECF No. 1 at 3-4; 28 U.S.C. § 1332(a).) Nonetheless, plaintiff asserted at the hearing that because defendant is a corporation, it is a citizen of every state, and therefore diverse from him.  This is incorrect.

"For diversity purposes, a corporation . . . is deemed to be a citizen of 'every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .'"  Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 709 (9th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1); Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006)). Here, defendant Severson & Werson is incorporated with the Californian Secretary of State under number C1089079, with its address of record as One Embarcadero Center, 26th Fl., San Francisco, CA 94111.  See https://businesssearch.sos.ca.gov/ (last visited November 21, 2018). Clearly, Severson & Werson is a citizen of California for the purposes of 28 U.S.C. § 1332, and thus, there is no diversity of citizenship between plaintiff and defendant.

Therefore, this matter is subject to dismissal because the court lacks subject matter jurisdiction over plaintiff's claims.  See 28 U.S.C. §§ 1331, 1332(a).

B.     Sufficiency of Claims

The court expresses no opinion regarding the merits of plaintiff's state law claims, and whether plaintiff has properly stated any such claim.  Instead, the undersigned declines to exercise supplemental jurisdiction over the state law claims since plaintiff has failed to establish

any federal claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000–01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).

### C. Leave to Amend

The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Here, however, plaintiff's claims are subject to dismissal for a lack of subject matter jurisdiction and not for failure to state a claim. Plaintiff could not cure this jurisdictional defect by pleading additional consistent facts as the complaint concerns issues of state law, and there cannot be diversity of citizenship between plaintiff and defendant. Therefore, leave to amend would be futile.

### D. Removal of State Court Case

Finally, plaintiff also seeks to remove a case from state court in which he is the plaintiff. (See ECF No. 17 at 1-5; see also Collins, 2018 WL 2437527.) A "civil action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Thus, plaintiff may not remove the case he references because he is the plaintiff, and not the defendant, in that matter.

### IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 12) be GRANTED.
2. The action be DISMISSED without leave to amend for lack of federal subject matter jurisdiction.
3. The Clerk of Court be directed to close this case.

IT IS ALSO HEREBY ORDERED that

1. Plaintiff's ex parte application for an order to remove a state case to federal district court (ECF No. 17) is DENIED.
2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 27, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18-2279.collins.order MTD